UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDUARDO SALAS,                                              Civil Action No.

                Plaintiff,

                                                        COMPLAINT

    -against-

DC IMPORTS, LTD., and DANNY BALLAS,

                Defendants.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, Eduardo Salas, as and for his Complaint against Defendants, DC Imports, LTD. and Danny Ballas ("Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Eduardo Salas ("Plaintiff"), was employed by Defendants as a warehouse packager from on or about January, 2010 until on or about October 17, 2016.

6. Upon information and belief, Defendant, DC Imports, LTD., is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, DC Imports, LTD. maintains a place of business located at 18-59 43 Street, Long Island City, New York 11105.

8. Upon information and belief Defendant, Danny Ballas ("Ballas") is a resident of the State of New York.

9. At all relevant times, Danny Ballas was and still is a corporate officer of DC Imports, LTD. Upon information and belief, at all times relevant, Danny Ballas exercised operational control over DC Imports, LTD., controlled significant business functions of DC Imports, LTD., determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of DC Imports, LTD. in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Danny Ballas has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

10. DC Imports, LTD. distributes Cassiani Collection Favors.

11. DC Imports, LTD. operates a warehouse for the distribution of Cassiani Collection Favors located at 18-59 43 Street, Long Island City, New York 11105.

12. Plaintiff was employed at Defendants' warehouse.

13. At all times relevant to this action, Plaintiff was employed as a warehouse packager for the benefit of and at the direction of Defendants.

14. Plaintiff's responsibilities included cleaning and packing products that were sent from China to the warehouse such as knives, cups, and plates for special events.

15. Plaintiff was hired by Defendant, Danny Ballas.

16. Plaintiff was supervised by Jose Taberas and Danny Ballas.

17. Plaintiff's rate of pay was set by Danny Ballas.

18. It was Danny Ballas' decision to pay Plaintiff in cash.

19. Plaintiff's work schedule was set by Danny Ballas.

20. From January, 2010 to 2013, Plaintiff worked 6 days each week.

21. During this time, Plaintiff worked from Monday through Saturday each week.

22. During this time, Plaintiff began his shift at 9:00 a.m. each morning.

23. During this time, Plaintiff's shift ended at 7:00 p.m. each evening.

24. During this time, Plaintiff took a ½ hour meal break each day.

25. During this time, Plaintiff worked 57 hours each week.

26. From 2013 until 2015, Plaintiff worked 5 days each week.

27. During this time, Plaintiff worked from Monday through Friday each week.

28. During this time, Plaintiff began his shift at 9:00 a.m. each morning.

29. During this time, Plaintiff's shift ended at 7:00 p.m. each evening.

30. During this time, Plaintiff took a ½ hour meal break each day.

31. During this time, Plaintiff worked 47.5 hours each week.

32. In 2015 and 2016, Plaintiff worked 4 days a week during the months of December, January, and February.

33. During these months in 2015 and 2016, Plaintiff did not work more than 40 hours each week.

34. In 2015, during the months of March, April, May, June, July, August, September, October, and November, Plaintiff worked 5 days a week.

35. In 2016, during the months of March, April, May, June, July, August, September, and October, Plaintiff worked 5 days a week.

36. During this time, Plaintiff worked Monday through Friday.

37. During this time, Plaintiff began his shift at 9:00 a.m. each morning.

38. During this time, Plaintiff's shift ended at 7:00 p.m. each evening.

39. During this time, Plaintiff took a ½ hour meal break each day.

40. During this time, Plaintiff worked 47.5 hours each week.

41. During his employment, Defendants paid Plaintiff by the day.

42. During his employment, Defendants did not pay Plaintiff overtime compensation when he worked more than 40 hours each week.

43. During his employment, Defendants did not pay Plaintiff time and a half his regular rate of pay when he worked more than 40 hours each week.

44. During his employment, Defendants did not require Plaintiff to punch in when his shifts began or punch out when his shifts ended.

45. During his employment, Plaintiff was paid by Danny Ballas.

46. During Plaintiff's employment, Defendants failed to maintain accurate time records for the hours that Plaintiff worked.

47. Defendants managed Plaintiff's employment, including the amount of overtime worked.

48. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

49. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

50. Defendants' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## FLSA Overtime Claim

51. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

52. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

53. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

54. At all times relevant to this Complaint, the corporate Defendant has, and continues to have, employees handle goods or materials that have moved in interstate

commerce, including the Plaintiff who cleaned and packaged products that came from China.

55. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

56. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

57. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

58. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay the plaintiff overtime compensation as required by the FLSA.

59. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

60. However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

61. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

62. Defendants have not acted in good faith with respect to the conduct alleged herein.

63. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### NYLL Overtime Claim

64. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

65. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

66. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

67. By the above-alleged conduct, Defendants failed to pay plaintiff overtime compensation as required by the New York Labor Articles.

68. By the above-alleged conduct, Defendants have failed to pay plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for defendants.

69. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

70. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

71. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL FAILURE TO PROVIDE WAGE NOTICES

72. Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

73. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

74. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## NYLL FAILURE TO PROVIDE WAGE STATEMENTS

75. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among

other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

76. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

77. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;

4. Willfully violated the overtime wages provision of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
January 2, 2017

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
4242 Merrick Rd.
Massapequa, New York 11758
(516) 228-5100

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **DC Imports LTD and Danny Ballas** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **DC Imports LTD and Danny Ballas** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)


_____
Eduardo Salas


_____
2110 31st Ave


_____
Long Island City, NY